UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

INGRID F.,

           Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. 3:18-cv-5718 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 1; Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 14, 17, 18.

After considering and reviewing the record, the Court concludes that the ALJ did not err by determining that it was not necessary to consult a medical expert regarding whether or not plaintiff equaled a listing for her heart condition. The regulations afford the ALJ discretion in

determining whether or not to consult a medical expert, and a prior district court decision did not order the ALJ to do so. The ALJ gave at least one clear and convincing reason for rejecting plaintiff's subjective complaints, noting that her heart condition improved with treatment. Finally, the ALJ's step four and step five findings are not inconsistent, because the ALJ properly relied on vocational expert testimony that plaintiff could not do her past work as a hand packager, but was capable of performing her past work as a cashier.

Accordingly, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration. *See* AR. 48, 56. Plaintiff's initial hearing was held in September, 2012, before Administrative Law Judge Cynthia Rosa ("the ALJ"), who denied plaintiff's claim. AR. 8, 23. The Appeals Council denied review of plaintiff's claim, and plaintiff subsequently appealed to the district court, who reversed and remanded plaintiff's claim. AR. 1, 874.

Plaintiff's second hearing was again held before ALJ Rosa on October 14, 2015. AR. 812. On February 26, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. AR.792.

On February 13, 2017, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR. 785-86; *see* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in September 2018. Dkt. 1. Defendant filed the sealed administrative record regarding this matter ("AR.") on December 17, 2018. Dkt. 10.

## BACKGROUND

Plaintiff, Ingrid F., was born in 1964 and was 43 years old on the alleged disability onset date of December 15, 2007. AR. 49. Plaintiff completed high school and has past work history as a cashier and in packaging. AR. 145-46. Plaintiff states that she stopped working because of her conditions. AR. 145.

Plaintiff filed her claim alleging heart problems and diabetes. AR. 49. According to the ALJ, plaintiff has at least the severe impairments of rheumatic mitral valve stenosis, status-post valvuloplasty, and mitral valve replacement. AR. 798.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ reasonably determines that plaintiff's impairments did not meet or equal a listing; (2) Whether the ALJ reasonably evaluated plaintiff's subjective complaints; (3) Whether the ALJ's step four and five findings are consistent with one another. Dkt. 17, p. 1-2.

### I. Whether the ALJ failed to consult a medical expert regarding plaintiff's possible listing level condition.

Plaintiff states that a prior decision by a District Court judge indicated that, on remand, the ALJ should have consulted a medical expert regarding plaintiff's heart condition. Dkt. 14, p. 10. The 2015 remand order states in relevant part:

> Whether the ALJ seeks and considers opinions from medical experts on the nature and severity of plaintiff's impairments and/or on whether her impairments equal the requirements of one or more listings is up to her (see 20 C.F.R. § 404.1527 and § 416.927), but the errors that plague the original decision suggests that such assistance may be necessary to understand the extent of plaintiff's impairments and the full panoply of her findings.

AR. 881. This statement clearly states that the decision to consult a medical expert is up to the ALJ. The citation to the relevant regulations indicates that the previous district court judge was deferring to the Administration's regulations.

The Ninth Circuit has held in an unpublished decision, that the ALJ is not required to consult a medical expert in making step-three determinations, including whether or not the impairment equals a listing. *Kruchek v. Barnhart,* 125 Fed. Appx. 825, 827 (9th Cir. 2005). The court cited the regulation which states that the ALJ "*may* also ask for and consider opinions from medical experts on . . . whether your impairment(s) equals the requirements" of a listed impairment, and noted that "may" indicates that the use of an expert is permissive rather than mandatory. *Kruchek*, 125 Fed. Appx. at 827 (quoting 20 C.F.R. § 404.1527(f)(2)(iii)).[1]

The Social Security Administration has issued an SSR which states that "longstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given

---

[1] The relevant regulation was revised, effective for claims filed on or after March 27, 2017. Plaintiff filed her claim in April 20ll. *See* 20 C.F.R. § 404.1527; AR. 48.

appropriate weight." SSR 96-6p, 1996 LEXIS 3 at *8. This expert opinion evidence may be satisfied by the State agency medical consultant at the initial and reconsideration levels. *Id.* at *9. However, an ALJ *must* obtain updated medical opinion evidence in the following circumstances:

- When no additional medical evidence is received, but *in the opinion of the administrative law judge* or the Appeals Council the symptoms, signs, and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable; or

- When additional medical evidence is received that *in the opinion of the administrative law judge* or the Appeals Council may change the State agency medical or psychological consultant's finding that the impairment (s) is not equivalent in severity to any impairment in the Listing of Impairments.

*Id.* at *9-10 (emphasis added). Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (citing *Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988); *Paulson v. Bowen*, 836 F.2d 1249, 1252 n.2 (9th Cir. 1988)) (internal citation and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (citing *Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton,* 865 F.2d at 1356) (footnote omitted).

Here, the State agency medical consultant initially reviewed plaintiff's medical records in June, 2011. AR. 53. The consultant considered whether plaintiff met the listing for 4.04 Ischemic Heart Disease, and ultimately determined that plaintiff did not meet or equal the listing. AR. 51. Another consultant came to the same conclusion on reconsideration in October, 2011. AR. 60, 62. Additional records were submitted prior to plaintiff's second hearing that relate back to the time period before September 30, 2012, plaintiff's last insured date.

The ALJ considered these records and noted that although plaintiff continued to experience some cardiac symptoms, they did not meet or equal the criteria of the listed impairments. AR. 799. The ALJ listed cited to several places in the record that showed that plaintiff's symptoms were below listing level severity. AR. 799 ( demonstrated full range of motion and equal and normal pulses (citing AR. 698), diagnostic EKG revealed a normal sinus rhythm (AR. 698), remained in sinus rhythm after successful ablation for typical atrial flutter (citing AR. 770), denied chest pain, shortness of breath, or syncope (citing AR. 770, 1018, 1054)). Therefore, the ALJ provided sufficient evidence to show that in her opinion, the new evidence would not change the consultant's finding that a listing was not equaled. SSR 96-6p, 1996 LEXIS 3 at *9-10.

The Ninth Circuit has held that "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 276 F.3d 453, 459-460 (9th Cir. 2001)(citing *Tonapetyan,* 242 F.3d at 1150); *see also* 20 C.F.R. §404.1519a(b); POMS DI: 22510.005. Here, plaintiff has not alleged that the evidence is ambiguous or inadequate, but states that "it takes an expert in cardiology to . . . render an opinion on whether [plaintiff] meets or equals a listing. The ALJ is no expert." Dkt. 14, p. 13. However, plaintiff cites to no authority to support her assertion that only a cardiologist can render an opinion regarding whether plaintiff meets or equals a listing. To the contrary, the regulations are clear that the ALJ has discretion in determining whether or not to call upon an expert. *Kruchek*, 125 Fed. Appx. at 827 (quoting 20 C.F.R. § 404.1527(f)(2)(iii)); SSR 96-6p, 1996 LEXIS 3 at *8-10.

Finally, the claimant bears the burden of proof regarding whether or not she "has an impairment that meets or equals the criteria of an impairment listed" in 20 C.F.R. pt. 404, subpt.

P, app. 1 ("the Listings"). *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005), *as modified to render a published opinion by* 2005 U.S. App. LEXIS 3756 (9th Cir. 2005). A claimant must demonstrate that she medically equals each of the individual criteria for the particular Listing by presenting "medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (citing *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990); 20 C.F.R. § 416.926(a)). A claimant cannot rely on overall functional impact, but must demonstrate that the impairment equals each criterion in the Listing. *Id.* "An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Id.* (citing *Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001); *Marcia v. Sullivan,* 900 F.2d 172 (9th Cir. 1990)). The ALJ noted in her decision that plaintiff "did not allege that the severity of any impairment met or medically equaled the criteria of a listed impairment. . ." AR. 799. Plaintiff does not challenge this finding.

In sum, the ALJ properly exercised her discretion in determining not to seek medical expert advice.

**II.  Whether the ALJ properly evaluated plaintiff's subjective complaints.**

Plaintiff states that the ALJ erred by improperly rejecting plaintiff's symptom testimony. If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and analyzing a claimant's testimony regarding limitations lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*citing Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (*citing* 42 U.S.C. § 423(d)(5)(A)

(other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair,* 885 F.2d at 603. If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)).

Here, the ALJ discounted plaintiff's testimony regarding the severity of her symptoms because her condition improved after surgery. AR. 800. The ALJ supported this determination with substantial evidence. *See* AR. 801 (doing well after surgical valve replacement in 2010 (citing AR. 515), continued to experience atrial flutters in 2011 and was referred for ablation procedure (citing AR. 744-49), post-surgical electrocardiogram revealed normal sinus rhythm and normal left ventricular systolic function (citing 763), prosthetic valve well-seated and functioning normally (citing 763-64), recovered quickly from both surgeries, which successfully restored plaintiff's valve function (citing AR. 535, 764)). Improvement from treatment is a clear and convincing reason to discount plaintiff's symptom testimony. *See Warre v. Comm'r of the SSA,* 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling").

The ALJ gave several other reasons for rejecting plaintiff's symptom testimony that do not rise to the clear and convincing standard. However, the Ninth Circuit has noted that "several of our cases have held that an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting

1  cases)). Therefore, the ALJ did not commit harmful error in rejecting plaintiff's symptom

2  testimony.

3          **III.     Whether the ALJ's step four and step five findings are consistent.**

4          Plaintiff alleges that the ALJ's finding that plaintiff cannot do past relevant work is not

5  consistent with her step five findings and the RFC that states that plaintiff is capable of work at

6  the light exertional level. The ALJ assessed plaintiff's RFC at the light exertional level. AR.

7  799-800. At the hearing the vocational expert ("VE") found that plaintiff had past relevant work

8  of both hand packager and cashier. AR. 834. The hand packager position has a medium

9  exertional level, and the cashier position has a light exertional level. AR. 834. The ALJ only

10 discussed the hand packager position in her written decision. AR. 802-03.

11         Plaintiff argues that the ALJ's determination that plaintiff cannot perform her past work

12 means that plaintiff also cannot perform the job of cashier. She states that it must follow

13 logically that if plaintiff cannot perform the past work as a cashier, then she cannot perform the

14 other light jobs at step five. Dkt. 14, p. 17. This argument fails.

15         At the hearing, the VE testified that plaintiff could perform the work as a cashier. AR.

16 836. Therefore, even if it were error for the ALJ not to discuss this job in the written decision at

17 step four, the outcome would not change. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir.

18 2012). The VE testified that plaintiff could do her past work as a cashier, and also testified that

19 there were other light jobs that plaintiff could perform. Plaintiff concedes that "[t]here is nothing

20 in the RFC to distinguish this job from the three light level jobs identified by the VE at the

21 hearing. . ." Dkt. 14, p. 17. There is nothing in the record to indicate that the ALJ intended to

22 imply that plaintiff was not capable of performing her past work as a cashier. Indeed, the ALJ

23

24

relied on the VE's testimony that plaintiff could perform the other light jobs the VE testified to. Therefore, there is no meaningful conflict between the ALJ's step four and step five findings.

## CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

**JUDGMENT** should be for **DEFENDANT** and the case should be closed.

Dated this 24th day of April, 2019.

J. Richard Creatura
United States Magistrate Judge